JACOB KATZ, PLAINTIFF-APPELLANT, v. MORTIMER IN-
GLIS, DEFENDANT-RESPONDENT.

Submitted October 28, 1932—Decided January 31, 1933.

For the defendant-respondent, *Peter Cohn.*

For the plaintiff-appellant, *Abram I. Bluestein (Peter J. McGinnis,* of counsel).

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the Passaic County Circuit Court. The case was tried before Judge Mackay and a jury. The jury rendered a verdict in favor of the defendant and against the plaintiff.

The action was commenced by plaintiff, Katz, the landlord, against the defendant, Inglis, the tenant, for rent due for premises situate at 132 Market street, Paterson, New Jersey. The tenant, Inglis, took possession of the premises on July 1st, 1924, under a lease which had been declared void by the court in a former suit for the reason that the lease had been executed by one James Inglis, without the authority of the tenant and because the tenant had not given the required notice, that he would vacate the premises on January 1st, 1931, the tenancy was not terminated. The tenant, Mortimer Inglis, defendant below, vacated the premises on January 1st, 1931, and the landlord, Katz, plaintiff below, brought suit for rent for the months of February, March, April and May, 1931.

The complaint set forth that the tenant entered into possession as aforesaid under a void lease and thereby became a yearly tenant and that no legal notice of the termination of the tenancy was given by the defendant to the plaintiff and that the defendant had vacated the premises on January 1st, 1931, and had not paid the rent for February, March, April and May, 1931, and demanded $3,000, the amount of rent due for said four months. The defendant, Inglis, answered denying that he had not given legal notice of the termination of the tenancy and admitted that he had vacated the premises and had not paid the rent for the months aforesaid. As a separate defense the defendant set up that he had given a three months' notice to the landlord and delivered possession to him on January 1st, 1931, from which time the plaintiff had assumed control and had taken possession of the premises. The defendant further set up in his answer, as a separate defense, "that plaintiff did not exercise ordinary diligence to re-rent said premises in diminution of damages of the tenant." To this answer plaintiff filed a reply denying the separate defense above mentioned. Under these pleadings the case was tried before the Circuit Court judge and a jury. The issue, therefore, before the court was whether defendant proved by the greater weight of the evidence his affirmative defense that the plaintiff did not exercise ordinary diligence to re-rent said premises in diminution of the damages. The plaintiff did not move to strike out defendant's separate defense in respect to this nor was any objection made by counsel to its legal sufficiency. In this situation the case went to the jury and the jury rendered a verdict as aforesaid in favor of the defendant.

The plaintiff appeals here from the judgment below. First, because the trial court committed error in charging the jury the second and third requests to charge, of the attorney for the defendant, which were to the effect that if the jury found from the weight of the evidence that the plaintiff failed to use reasonable or ordinary diligence to re-rent the premises in diminution of the damages that the verdict should be for the defendant, and that said diligence should be such as a

reasonably prudent person would exercise under the circumstances of this particular case. The plaintiff contends now that it was not incumbent upon him to make an effort to re-rent the premises. We are of the opinion that this charge of the court was proper under the circumstances and theory upon which this case was tried. The rule is that where parties to an action try and submit the question at issue upon a theory satisfactory to themselves and by the pleadings admit its legality neither party can afterward complain because the court accepted the issues thus adopted by them. In this case the defendant set up as a separate defense that the plaintiff had not used reasonable diligence to re-rent the premises and alleged this in diminution of damages. The plaintiff by his reply accepted this defense but denied that he had not used such diligence. It is too late, after the trial upon such a theory, to object.

The next point argued for reversal is that the court erroneously charged the jury that if they found for the defendant their verdict should be no cause of action. We see nothing in this contention, for if the jury found in favor of the defendant the plaintiff could not be harmed if their verdict was no cause of action, instead of an amount in favor of the defendant.

The next point made is that the court refused to direct a verdict in favor of the plaintiff. We think there is no merit in this contention as stated above. The case was tried upon a certain theory submitted to it by counsel of both sides and it was for the jury to say whether or not the plaintiff had made a reasonable effort to re-rent the premises; and upon the whole case it was for the jury to say whether the plaintiff or defendant was at fault and whether the plaintiff was entitled to damages or whether he was not.

The judgment under review is therefore affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.